UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
:
CAPITAL ONE BANK (USA) N.A.,                                        :
:
                              Plaintiff,                            :
:                            26-cv-1388 (LJL)
          -v-                                                       :
:                               ORDER
CLARENCE DENNIS,                                                    :
:
                              Defendant.                            :
:
--------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Clarence Dennis[1] filed a notice of removal on February 18, 2026.  The Court affords

special solicitude to plaintiff as a pro se litigant.  *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d

Cir. 2010).

Dennis's filing notices removal under 28 U.S.C. §§ 1441, 1446, and 1447.  Title 28,

Sections 1441–1453 of the United States Code set forth the criteria and procedures for removing

a civil action from state court to federal court.  The statute provides for removal of claims over

which the federal courts have "original jurisdiction," 28 U.S.C. § 1441(a), or where the parties

have diversity of citizenship and none of the parties in interest is a citizen of the state in which

the action was brought, 28 U.S.C. § 1441(b)(2).  Thus, a claim may only be removed to federal

court if it could have been filed in federal court originally.  *Fax Telecommunicaciones Inc. v.*

*AT&T*, 138 F.3d 479, 485 (2d Cir.1998).  "[F]ederal courts are courts of limited jurisdiction and

may not decide cases over which they lack subject matter jurisdiction."  *Lyndonville Sav. Bank &*

---

[1] Elsewhere, Clarence Dennis is listed as the "Authorized Representative for Denis Clarence Estate d/b/a Master of Precision." Dkt. No. 1 at 7.  The Court will refer to the individual defendant as Clarence Dennis.

*Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir.2000).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

In order to properly remove a case, the notice of removal must be filed within 30 days of service of the initial pleading setting forth the claim for relief.  28 U.S.C. § 1446(b). Additionally, the defendant seeking removal must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  The instant notice of removal is deficient on both fronts.  Dennis seeks to remove an action initiated by Capital One in the Civil Court of the City of New York, Index Number CV-16779-18/NY. *Id.* at 3.[2]  He has included a notice of an adjournment in the proceeding below dated October 9, 2018, *id.* at 21, a notice that a motion was denied in a distinct related proceeding "by reason of the non-appearance of either side" dated September 9, 2025, *id.* at 23, a "case summary" of the state court proceeding at Index No. CV-016779-18/NY indicating that judgment was entered on September 24, 2019, *id.* at 27, and a judgment in that case against him for $5,332.74 dated October 1, 2019, *id.* at 29, 31.

Construing the Notice of Removal generously, Dennis seeks to remove a proceeding that (1) has terminated by entry of judgment and (2) that concluded over seven years ago in October of 2019.  Removal is not available where final judgment has been entered.  *See Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) (holding that granting permission to remove a case where there is a final judgment "would be a perversion of the

---

[2] Elsewhere in the Notice of Removal, Dennis also lists as "related" three other matters in the Civil Court of the City of New York, but does not purport to remove those cases.  Dkt. No. 1 at 9.  He has also indicated that the

removal process."); *Gadson v. Riverbay Corp.*, 2025 WL 2452353, at *5 (S.D.N.Y. Aug. 26, 2025) (collecting cases). Second, far more than thirty days have passed since that judgment was entered. 28 U.S.C. §1446(b). These grounds are independently sufficient to defeat Dennis's purported removal. Additionally, Dennis has provided no grounds upon which this Court could exercise subject matter jurisdiction upon removal. As the "basis for federal subject matter jurisdiction," Dennis's Notice of Removal notes only that an action can be removed "only if— and to the extent that—the Court has original subject matter jurisdiction." Dkt. No. 1 at 5. There is no basis in the notice of removal for the Court to find original subject matter jurisdiction. Nor is there a basis upon which the Court can find diversity jurisdiction under 28 U.S.C. § 1332, as there is no indication of the domicile of either party, and the only apparent amount in controversy is the judgment, which has been entered, of $5,332.74.

Dennis is hereby ordered to show cause by May 28, 2026 why the case should not be remanded on the grounds that it was improperly removed.

SO ORDERED.

Dated: May 14, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3