UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
            :

CAPITAL ONE BANK (USA) N.A.,     :

            :

      Plaintiff,    :

            :    26-cv-1388 (LJL)

   -v-        :

            :     ORDER

CLARENCE DENNIS,      :

            :

      Defendant.   :

            :
--------------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 07/01/2026

LEWIS J. LIMAN, United States District Judge:

   Clarence Dennis filed a notice of removal on February 18, 2026. Dkt. No. 1. On May 14, this Court issued an order requiring Dennis to show cause by May 28, 2026 why the case should not be remanded on the grounds that it was improperly removed. Dkt. No. 5. Generously construed, it appears that Dennis seeks to remove a proceeding that terminated by entry of judgment and that concluded over seven years ago. The case therefore appears improperly removed for several reasons. First, removal is not available where final judgment has been entered. *See Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988). Second, under the removal statute, 28 U.S.C. § 1446(a), a notice of removal containing a short and plain statement of the grounds of removal and a copy of all pleadings must be filed within 30 days of the initial pleading. Far more than thirty days have passed since the judgment was entered in 2019. Dkt. No. 1 at 27–31.

   Dennis did not submit a response to the show cause order by May 28. On June 25, 2026, Dennis submitted a response to the order to show cause. Dkt. No. 6. In that response, Dennis clarifies that he "challenges the validity of the underlying judgment." *Id.* ¶ 1. As noted, removal is unavailable where final judgment has been entered.

Nor has defendant offered any basis on which the Court would have "original jurisdiction." 28 U.S.C. § 1441(a); *see Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1988) (explaining that a case may be removed only "if the federal courts would have original subject matter over the action."). Dennis asserts that the "matter invokes fundamental questions of subject-matter jurisdiction," Dkt. No. 6 at 2. However, a federal court possesses jurisdiction over only cases involving a federal question or cases where there is diversity of citizenship and the proper amount in controversy. *See Smulley v. Safeco Ins. Co. of Illinois*, 2022 WL 16753118, at *1 (2d Cir. Nov. 8, 2022) (summary order); 28 U.S.C. §§ 1331, 1332). Considering the response to the Order to Show Cause, there is no indication that the this case presents either a federal question or that the parties are citizens of different states and that the amount in controversy is greater than $75,000.

Accordingly, the case is remanded to state court. The Clerk of Court is respectfully requested to remand the case to state court and mail a certified copy of the order of remand to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: July 1, 2026
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge

2